UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-244-MOC-DSC

| LINDA WASHINGTON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **ORDER** |
| | ) |
| CEDAR FAIR, L.P., | ) |
| CAROWINDS, LLC, CITY OF | ) |
| CHARLOTTE, RICHARD VIVAS, | ) |
| JOHN DOE, and JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendants Cedar Fair, L.P. and Carowinds, LLC's ("Cedar Fair Defendants") Motion to Dismiss the lawsuit against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil. (Doc. No. 14). For the following reasons, Cedar Fair Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Plaintiff, a minor, visited Carowinds amusement park on or about April 26, 2019. (Doc. No. 1-1, Amended Complaint at ¶ 21). Plaintiff was with minor friends waiting in line to get on one of the roller coasters. (Id. at ¶¶ 24–25). As Plaintiff and his friends were waiting in line, they began to engage in "horse play." (Id. at ¶ 26). Without warning, a group of security guards approached Plaintiff and his friends, and they were pulled out of the line for the roller coaster by the security guards. (Id. at ¶¶ 27–28). The security guards informed the minors that there was a report from an employee of Carowinds, which alleged that Plaintiff and his friends were fighting.

(Id.). Plaintiff and his friends repeatedly denied this allegation. (Id.). The security guards eventually began taking Plaintiff and his friends to a different location in the park. (Id. at ¶ 30). The security guards singled out Plaintiff and told Plaintiff's friends to move away from him. (Id.). One security guard revealed his baton, allegedly pushed Plaintiff, and told Plaintiff's friends that, if they kept following Plaintiff, they would "end up just like him." (Id. at ¶ 31).

Plaintiff, scared, nervous, and fearing for his safety, broke away from the security guards' grip and ran away from them. (Id. at ¶ 32). Plaintiff began running out of Carowinds, and at that point, Defendant Officer Richard Vivas ("Defendant Vivas"), a Charlotte-Mecklenburg Police Department ("CMPD") officer who was working off-duty, started chasing Plaintiff, tackled him to the ground, and put handcuffs on him. (Id. at ¶¶ 33, 58, 63, 79, 82).

Defendant Vivas then took Plaintiff back into Carowinds in handcuffs. (Id. at ¶ 33). As a result of this altercation, Plaintiff sustained injuries to his hand and torn clothing. (Id. at ¶¶ 33, 36). Plaintiff was taken to a holding room somewhere inside Carowinds, where he remained handcuffed, and Defendant Vivas took his cell phone and wallet. (Id. at ¶ 34). Eventually, statements of an unknown Carowinds employee confirmed that the children had only been engaged in horseplay rather than fighting. (Id.). At this point, an adult demanded the release of Plaintiff, and Plaintiff's mother, Linda Washington, was contacted. (Id. at ¶¶ 35–36). Plaintiff's mother arrived shortly thereafter, where she found Plaintiff in visible distress, with torn clothing and in handcuffs. (Id. at ¶ 36). Plaintiff was released from his handcuffs and left with his mother. (Id. at ¶ 38).

## II.     PROCEDURAL BACKGROUND

Plaintiff, by and through his guardian ad litem Linda Washington, filed their Complaint on or about April 26, 2022, in the North Carolina General Court of Justice, Mecklenburg County

2

Superior Court. (Doc. No. 1-1). Plaintiff filed an Amended Complaint on May 20, 2022. (Doc. No. 1-1). This action was removed to this Court on May 27, 2022. (Doc. No. 1). Cedar Fair Defendants now seek dismissal of the lawsuit against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10).

## III. STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

## IV. DISCUSSION

Cedar Fair Defendants present three arguments is support of their motion to dismiss. First, Cedar Fair Defendants argue that Plaintiff has not stated a plausible claim for negligent

3

infliction of emotional distress or intentional infliction of emotional distress. Second, Cedar Fair Defendants contend that Plaintiff's factual allegations do not support a plausible claim for gross negligence. Lastly, Cedar Fair Defendants assert that Plaintiff has not pled facts that allow Plaintiff to bring constitutional claims against Cedar Fair Defendant under 42 U.S.C. § 1983. This Court will consider these arguments ad seriatim.

This Court has federal question jurisdiction over this case. See 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over the state law claims presented pursuant to 28 U.S.C. § 1367. District courts apply federal procedural law and state substantive law to claims arising out of supplemental jurisdiction. Stover v. Coll. of William & Mary in Virginia, No. 4:21CV150, 2022 WL 10585341, at *10 (E.D. Va. Oct. 18, 2022); See also Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). Therefore, this Court applies North Carolina substantive law to Plaintiff's state law claims against Cedar Fair Defendants.

> a. **Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress**

Cedar Fair Defendants argue that Plaintiff's factual assertions do not support claims for negligent infliction of emotional distress or intentional infliction of emotional distress. Linda Washington has not formally asserted herself as a party in her individual capacity, and therefore this Court will limit its analysis to Plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress claims.

The elements of negligent infliction of emotional distress ("NIED") are: (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff to suffer severe emotional distress; and (3) the conduct did, in fact, cause the

4

Case 3:22-cv-00244-MOC-DSC   Document 34   Filed 03/10/23   Page 4 of 8

plaintiff to suffer severe emotional distress. A.G. v. Fattaleh, No. 520CV00165KDBDCK, 2022 WL 2758607, at *5 (W.D.N.C. July 14, 2022); See also Best v. Duck Univ., 337 N.C. 742, 752 (1994). The elements of intentional infliction of emotional distress ("IIED") are "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008) (citing Waddle v. Sparks, 331 N.C. 73, 82 (1992)). Both NIED and IIED claims require the plaintiff to demonstrate that he or she did in fact suffer severe emotional distress.

Here, Plaintiff does not provide sufficient facts to support the contention that Plaintiff has indeed suffered severe emotional distress. Tigrett v. Rector & Visitors of Univ. of Virginia, 290 F.3d 620, 629 (4th Cir. 2002) ("[P]laintiff must establish that [he] suffered demonstrable emotional distress, which must be sufficiently articulated.") (quotation omitted).

North Carolina law provides a demanding definition for severe emotional distress. North Carolina law defines severe emotional distress as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so, ... mere temporary fright, disappointment or regret will not suffice." Delk v. ArvinMeritor, Inc., 179 F. Supp. 2d 615, 625 (W.D.N.C.) (citing Johnson v. Ruark Obstetrics & Gynecology Assoc., P.A., 327 N.C. 283, 304 (1990)), aff'd, 40 F. App'x 775 (4th Cir. 2002). While a plaintiff is not required "to plead severe emotional distress with great detail," a plaintiff still must allege facts that sufficiently support each element of a NEID and IIED claim. Cauley v. Bean, 2022-NCCOA-202, ¶ 19, 282 N.C. App. 443, 450, review denied, 876 S.E.2d 281 (N.C. 2022), and review denied, 876 S.E.2d 289 (N.C. 2022).

The alleged harassment by Cedar Fair Defendants' security guards may have been humiliating, jarring, and worrying. But, according to Plaintiff's factual allegations, it did not result in the level of mental anguish typically associated with severe emotional distress. Therefore, this Court will dismiss Plaintiff's NIED and IIED claims.

### b. Gross Negligence

Cedar Fair Defendants additionally argue that Plaintiff's factual assertions do not support a claim of gross negligence. Under North Carolina Law, gross negligence is defined as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." F.D.I.C. ex rel. Co-op. Bank v. Rippy, 799 F.3d 301, 314 (4th Cir. 2015) (applying North Carolina law) (citing Yancey v. Lea, 354 N.C. 48, 550 S.E.2d 155, 157 (2001)). North Carolina courts have further defined wanton conduct as an act "done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." Id.

Plaintiff has pled sufficient facts to assert a claim of gross negligence against Cedar Fair Defendants, accepting as true all of the factual allegations in the Amended Complaint and drawing all reasonable inferences in the light most favorable to Plaintiff. The Amended Complaint asserts that Plaintiff, a minor, was restrained, threatened with bodily harm, and detained by unidentified employees of Cedar Fair Defendants. Moreover, the Amended Complaint declares that these acts were the result of a false allegation by an employee of Cedar Fair Defendants. At this stage, Plaintiff's factual characterizations sufficiently support a claim of gross negligence, which would be imputed to Cedar Fair Defendants through vicarious liability and respondeat superior.

### c. Constitutional Claims Under 42 U.S.C. § 1983

Lastly, Cedar Fair Defendants assert that Plaintiff has pled insufficient facts to support constitutional claims against Cedar Fair Defendants under 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that private actors are not persons acting under color of state law and, thus, cannot be held liable under § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, according to Plaintiff's own allegations, Cedar Fair Defendants were private actors at all relevant times. Thus, Cedar Fair Defendants are not proper defendants for a § 1983 action and §1983 claims against them will be dismissed. Id.

## V. CONCLUSION

For the reasons stated herein, the negligent infliction of emotional distress claim, intentional infliction of emotional distress claim, and any §1983 claims against Cedar Fair Defendants are dismissed. However, Plaintiff's remaining claims against Cedar Fair Defendants are not dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that Cedar Fair Defendants' Motion to Dismiss, Doc. No. 14, is **GRANTED** in part and **DENIED** in part. In accordance with this order, Plaintiff's negligent infliction of emotional distress claim, intentional infliction of emotional distress claim,

and any 42 U.S.C. §1983 claims against Cedar Fair Defendants are dismissed.


Signed: March 10, 2023

Max O. Cogburn Jr
United States District Judge