# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Civil Action No.: 3:22-cv-244-MOC-SCR

| | |
|---|---|
| LINDA WASHINGTON, as *Guardian ad litem* of K.I., a minor, <br><br> *Plaintiff,* <br><br> v. <br><br> CEDAR FAIR ENTERTAINMENT COMPANY, et al. <br><br> *Defendants.* | PROTECTIVE ORDER |

**THIS MATTER** is before the Court upon the consent motion of the Parties for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the Court's Pretrial Order and Case Management Plan. [Doc. 38]. It is expected that Plaintiff will request in discovery certain information and documents pertaining to this litigation, including employee records, records of criminal investigations and law enforcement agency body worn camera footage. It is also anticipated that Defendants will seek confidential medical records of Plaintiff.

Some of the items identified above are maintained as confidential by Defendant City of Charlotte, Cedar Fair Entertainment Company, and Plaintiff. In order for the litigation of this matter to proceed, certain information and documents may be marked confidential by any of the Parties and subject to protections contained in this Order.

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential financial, commercial, personal, medical or business information, which should be protected from unauthorized disclosure. Accordingly,

1

confidential documents and information will be governed by the following terms, conditions, restrictions and procedures of this Consent Protective Order.

It is hereby ordered that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. A party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL"**, or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to:

    a. The Court, including Court personnel;

    b. The parties and their counsel;

    c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

    d. Consultants or experts retained or who may be retained for litigation purposes;

    e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes;

    f. Court reporters employed for the purpose of taking depositions; and

> g. Service contractors such as copying or imaging service providers who assist with the preparation of exhibits, discovery responses or other documents.

4. Any person (other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff) who is provided with confidential information or shown confidential documents, shall execute the form attached as Exhibit A prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of Exhibit A to the non-disclosing party within fourteen (14) days of the execution of Exhibit A.

5. Counsel for the parties shall keep a record of persons to whom disclosures are made if the person receiving disclosure is required under the provisions of paragraph four above to execute Exhibit A. Counsel for the parties shall retain all disclosure forms signed by such persons.

6. The parties propose that all confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials, or destroyed, within sixty (60) days after final disposition of the matter, except that counsel of record for each party may retain one copy in accordance with that party's document retention or destruction policies. However, any confidential documents and information so retained will continue to be treated as confidential and governed by this Order. Notwithstanding the provisions of this paragraph, the ultimate disposition of confidential documents and information is subject to a final Order of this Court upon completion of this litigation.

7. Documents, information and body worn camera footage designated as **CONFIDENTIAL** may be utilized in depositions which are taken in the course of litigation. Either during the course of the deposition or within ten (10) business days of the close of discovery, a Party may designate deposition testimony as **"CONFIDENTIAL."** Such a designation shall be specific as to the portion(s) of testimony to be designated as **CONFIDENTIAL** including page

and line numbers. A designating party must serve a Notice of Designation in writing to all Parties of record as to specific portions of the transcript to be designated **CONFIDENTIAL**. Thereafter, those portions so designated shall be protected under this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated notice of their intent to file before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal. Notwithstanding a party's desire to file confidential documents under seal, any motion, memorandum, document or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to LCvR 6.1 and applicable law.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation. If the parties cannot resolve the

4

dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. When the parties dispute a confidentiality designation as set forth in paragraph 10 above, the party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at a later date.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection or privilege. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents or items as **CONFIDENTIAL** does not waive the designating party's right to secure protection under this Order for such material. If material is designated as **CONFIDENTIAL** after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes

the subsequent designation of material as **CONFIDENTIAL** under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order shall not prevent any party from applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

16. This Order may be modified only upon further order of this Court.

**SO ORDERED.**　　　　　　　　　　Signed: August 3, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# EXHIBIT A

## Agreement concerning materials covered by a Protective Order entered in the United States District Court for the Western District of North Carolina.

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2024, in the Civil Action No. 3:22-cv-244 entitled *LINDA WASHINGTON, as Guardian ad litem of K.I., a minor, v. CEDAR FAIR ENTERTAINMENT COMPANY, et al.* and understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and understands (1) a violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)

Subscribed and sworn before me,

This _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My commission expires:_____